

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Fred V. Meridith
County Attorney, Kaufman Co.
Kaufman, Texas

Dear Sir:

Opinion No. 0-6373
Re: Compensation of Deputy
Constables in Kaufman
County and related
matters.

Your letter of recent date requesting the opinion of
this department on certain questions stated therein, is, in
part, as follows:

"With respect to the Constables of the various
Justice precincts of our County, the Commissioners
Court has seen fit to continue to compensate them
for their services on a fee basis. In two of the
Justice precincts, Constables have applied for per-
mission to appoint one deputy each; in one applica-
tion the mode of compensation for such deputy is
stated by the Constable 'works on a commission
basis', and in the other application the mode of
compensation is stated to be 'ordinary fees of office.'

"I find no special Act of the Legislature gov-
erning the compensation of deputy Constables in a
county with a population of 38,308, as is Kaufman
County.

"In what manner should deputy Constables be
compensated in Kaufman County -- should they re-
ceive the whole fees earned by them in performance
of the duties of the office, or is it permissible
for the Constable to collect the fees of office
earned and reported by his deputy and to pay the
deputy merely a commission on such fees?"

Article 3902, Vernon's Annotated Civil Statutes, provides, in part:

"Whenever any district, county, or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties, he shall apply to the County Commissioners' Court of his County for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid  Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper . . . ."

Sec. (a) of Art. 3899, Vernon's Annotated Civil Statutes, provides, in part:

". . . The amount of salaries paid to assistants and deputies shall also be clearly shown by such officer, giving the name, position and amount paid each; and in no event shall any officer show any greater amount than actually paid any such assistant or deputy. The amount of such expenses, together with the amount of salaries paid to assistants, deputies, and clerks, shall be paid out of fees earned by such officer...."

You state in your letter that the constables of your county are compensated on a fee basis rather than an annual salary basis.  Under Art. 3902, if the constables desire to appoint deputies, they are required to file with the Commissioners' Court an application for authority to appoint such deputies as outlined by the statute.  The Commissioners' Court may, if it desires, grant the authority to appoint such

deputy constables. It is also the duty of the Commissioners' Court authorizing the appointment of such deputy constables to fix the compensation to be paid them within the limitation contained in the applicable provisions of the statute. Where the constables are compensated on a fee basis rather than an annual salary basis, the compensation of the deputy constables must be paid out of fees of office earned by the constables. When the constables make applications to the Commissioners' Court for authority to appoint such deputies, such applications must state the number of deputies needed, and the amount to be paid.

Specifically answering the question presented in your inquiry, you are advised that it is our opinion that the deputy constables must be compensated in the amount fixed by the Commissioners' Court under Article 3902, and that such compensation, where the constables are compensated on a fee basis, must be paid out of the fees earned by such constables. Therefore, the deputy constables would not receive "the whole fees earned by them in the performance of the duties of the office." The constables would not be authorized to pay the deputy constables a commission on the fees of office collected, but as above stated, the compensation of the deputy constables must be fixed by the Commissioners' Court by the order authorizing the constables to appoint such deputies, and the compensation of such deputy constables must be paid out of fees of office earned by the constables.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant.

APPROVED JAN 3 1945

ATTORNEY GENERAL OF TEXAS

AW:rt


APPROVED
OPINION
COMMITTEE